IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 DEC 12  A 10: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| ANTWERPEN CHEVROLET, LTD., et al. | : |
| | : |
| v. | : Civil Action No. CCB-02-1271 |
| | : |
| RESOLUTION PROVIDERS, INC., et al. | : |

**MEMORANDUM**

On September 10, 2002, plaintiffs filed an amended complaint in this action, and defendants responded by filing answers on September 23, 2002. Then, on October 7, 2002, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]

Defendants assert throughout their memoranda that the amended complaint does not allege any legally cognizable injury. (See Mem. in Supp. of Defs.' Mot. to Dismiss at 4-5, 9-11, 21; Defs.' Reply Mem. at 4-7). Plaintiffs respond that the amended

---

[1] Rule 12(c) states, in part: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(c). Plaintiffs affixed a number of attachments to their amended complaint and memorandum in opposition to defendants' motion for judgment on the pleadings. No party discussed, however, whether defendants' motion should be treated as a motion for summary judgment pursuant to Rule 56.

complaint does allege legally cognizable harm (see Pls.' Opp. Mem. at 1-5, 9-10, 21-22), but in the alternative, they request leave from the court to amend their complaint once again.[2] (See id. at 10).

On the issue of damages, the amended complaint is to some extent both vague and ambiguous. For instance, it alleges broadly that the defendants "failed to pay claims, refunds and commissions" (see Am. Compl. at ¶¶ 17, 24-25, Ex. C, Ex. D, Ex. E), but it does not allege consistently that these amounts are owed to the plaintiffs. (See id.; cf. Pls.' Opp. Mem. at 4). Paragraph 29 of the amended complaint arguably combines allegations of present and future harm, but is not specific about any actual monetary damages incurred by the plaintiffs.[3]

"The clearest cases for leave to amend are to correct an insufficient claim or defense and to amplify a previously alleged claim or defense." Donovan v. Porter, 584 F.Supp. 202, 207 (D. Md. 1984) (citing 3 Moore Federal Practice ¶ 15.08[3]). Leave to amend a complaint pursuant to Rule 15(a) of the Federal Rules of

---

[2] The purpose of the first amendment was to add allegations pertaining to "Service Contracts." (See Mot. to Amend Compl. at ¶ 2).

[3] Paragraph 29 states: "In order to protect its reputation and maintain its good will, Antwerpen must honor and satisfy obligations to customers under the GAP and Service Contracts and will suffer losses due to the failures of the Defendants to establish and fully fund the trust accounts, to obtain indemnification insurance, or to pay the obligations themselves." (Am. Compl. at ¶ 29).

2

Civil Procedure "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The general standard in making this determination is:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants contend that they will be prejudiced by an order granting leave to plaintiffs to amend the complaint, as they will incur additional costs to respond to a second amended complaint. (Defs.' Reply Mem. at 5-6). Without more, this cannot constitute undue prejudice. Cf. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (holding that because defendant was already aware of the events surrounding the action, allowance of the amendment could not prejudice the preparation of defendant's case); Hawkspere Shipping Co. Ltd. v. 65 Bundles of Secondary Aluminum, 178 F.Supp.2d 486, 492 (D. Md. 2001); Diggs v. Hous. Auth. of City of Frederick, 67 F.Supp.2d 522, 529 (D. Md. 1999).

Accordingly, plaintiffs' request for leave to amend their complaint to allege specific compensable monetary harm satisfying

the jurisdictional threshold will be granted. Considering that substantial progress has already been made toward the completion of discovery, defendants may renew their challenge to the plaintiffs' claims by filing a motion for summary judgment, if warranted, in accordance with the scheduling order in this case.

Defendants also assert in their motion for judgment on the pleadings that the court lacks personal jurisdiction over the individual defendants (see Mem. in Supp. of Defs.' Mot. to Dismiss at 5-7), that there is no subject matter jurisdiction over plaintiff Argo Insurance Group, Inc.'s claim (see id. at 21-22), and that the amended complaint fails to state a cause of action upon which relief can be granted with respect to the fraud, conversion, unjust enrichment, breach of fiduciary duty, and anticipatory repudiation claims. (See id. at 8-20).

With regard to personal jurisdiction, as a general rule, the simple fact that a corporation is registered to do business in Maryland does not establish personal jurisdiction over the corporation's officers. Rhee Bros., Inc. v. Han Ah Reum Corp., 178 F.Supp.2d 525, 532 (D. Md. 2001). If a basis exists, however, "for 'piercing the corporate veil' generally, the corporate veil can be pierced for jurisdictional purposes." Birrane v. Master Collectors, Inc., 738 F.Supp. 167, 169 (D. Md. 1990) (citing Quinn v. Bowmar Publ'g Co., 445 F.Supp. 780, 786 (D. Md. 1978); Holfield v. Power Chem. Co., Inc., 382 F.Supp.

388, 393 (D. Md. 1974)).

The amended complaint alleges that the individual defendants, Carol Scott Stevens and Mark L. McDonald, reside together (see Am. Compl. at ¶ 27), own 100% of defendant corporation Resolution Providers, Inc. ("RPI"), which is registered to do business in Maryland (see id. at ¶¶ 3-5), controlled all aspects of RPI (see id. at ¶ 27), used RPI as their alter ego (see id. at ¶ 28), and participated in the fraud against the plaintiffs. (See id. at ¶¶ 26-28). Notably, no party attached affidavits or other supplemental materials to their memoranda to elucidate the relationships between and among RPI, the individual defendants, and the State of Maryland.

In assessing whether there is personal jurisdiction over individual defendants in like circumstances, courts have relied upon depositions, affidavits, and other discovery materials. See, e.g., Rhee Bros., Inc., 178 F.Supp.2d at 534 (holding that the plaintiff should be permitted to conduct limited discovery to determine the nature and scope of the individual defendant's contacts with Maryland); Birrane, 738 F.Supp. at 168 (noting that plaintiff's discovery did not yield evidence connecting the individual defendant to Maryland); Quinn, 445 F.Supp. at 786 (referencing the individual defendants' affidavits outlining their paucity of contacts with Maryland); Holfield, 382 F.Supp. at 391 (noting that plaintiff relied heavily on the individual

defendant's deposition in arguing that the court had personal jurisdiction over him).

As stated, there are no such discovery materials before the court in this case. Accordingly, defendants' motion to dismiss the amended complaint for lack of personal jurisdiction as against the individual defendants will be denied without prejudice so that plaintiffs may obtain their needed discovery.

Regarding subject matter jurisdiction, defendants contend that the claims of plaintiff Argo Insurance Group, Inc. ("Argo") only total $50,000, which is less than the jurisdictional amount. (See Mem. in Supp. of Defs.' Mot. to Dismiss at 21-22). Defendants, however, do not contest the court's subject matter jurisdiction over the other plaintiffs' claims. As Argo's claims seemingly are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," the court likely may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Argo's claims if they indeed total less than the jurisdictional amount. See 28 U.S.C. § 1367 (2002); see also Rosmer v. Pfizer Inc., 263 F.3d 110, 114 (4th Cir. 2001).[4] Under these circumstances, a final

---

[4] In addition, in connection with their fraud claim, plaintiffs allege that the defendants acted with actual malice and, thus, plaintiffs seek punitive damages in the amount of $1 million. (See Am. Compl. at ¶ 34, page 12). Punitive damages may be considered as part of the amount in controversy. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); Saval v. BL Ltd., 710 F.2d 1027, 1033-34 (4th Cir. 1983);

6

determination about the jurisdictional amount "should not be made before the pertinent facts have been developed by way of discovery proceedings or otherwise." Bewley v. Sims, 438 F.Supp. 708, 710 (D. Md. 1977). Accordingly, defendants' motion to dismiss Argo's claims for lack of subject matter jurisdiction will be denied without prejudice.

Finally, in light of the court's ruling granting plaintiffs' request for leave to amend their complaint, it is not necessary to reach at this time the defendants' arguments that the amended complaint fails to state a cause of action upon which relief can be granted with respect to the fraud, conversion, unjust enrichment, breach of fiduciary duty, and anticipatory repudiation claims. (See id. at 8-20). Defendants' motion for judgment on the pleadings on this basis, therefore, will be denied without prejudice.

A separate Order follows.

_12/12/02_
Date

_/s/ Catherine C. Blake_
Catherine C. Blake
United States District Judge

---

Schaefer v. Aetna Life & Cas. Co., 910 F.Supp. 1095, 1097 (D. Md. 1996).