UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

February 11, 2003

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953


Price O. Gielen, Esq.
Neuberger, Quinn, Gielen,
 Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD 21202

J. Brian Cashmere, Esq.
Justin S. Hawkins, Esq.
Watt, Tieder, Hoffar & Fitzgerald
7929 Westpark Drive, Suite 400
McLean, VA 22192

  Re: Antwerpen Chevrolet, Ltd., et al. v. Resolution
    Providers, Inc., et al., Civil No. CCB-02-1271

Dear Counsel:

  Presently pending before the Court are Antwerpen Chevrolet, Ltd.'s ("Antwerpen") Motion to Compel Proper Responses to Interrogatories (Paper No. 14) and Motion to Compel Production of Documents (Paper No. 17). For the reasons set forth below, the Court grants both motions in part and denies both motions in part.

  I understand that defendant Resolution Providers, Inc. ("RPI") has filed for Chapter 7 bankruptcy and I further understand that counsel for the individual defendants has filed a motion to withdraw as counsel. Nonetheless, I have ruled on the pending discovery motions. The mere filing of the bankruptcy action does not, of course, discharge any obligations of RPI, recognizing, of course, the stay provisions of the bankruptcy law. Moreover, the individual defendants will remain in the case in any event and may be subject to the same or similar discovery. Finally, counsel, not just parties, have responsibilities under the rules of discovery -- responsibilities which I find were not met here in responding to discovery.

### Background

  Antwerpen sells automobiles and offers the purchasers of its vehicles, related services. At issue here are two related services: a contract to cover the difference between the proceeds a car owner receives from his auto insurance company when a car is "totaled" in an accident and the actual payoff amount the customer owes on the loan (the "GAP" contract) (¶ 9 of the Second Amended Complaint) and an extended warranty program on new

vehicles (the "Service Contract Program") (¶ 14 of the Second Amended Complaint).

Antwerpen and RPI are alleged to have entered into a "Dealer Agreement" which sets out the obligations and entitlements of Antwerpen as Dealer and RPI as Administrator in such a GAP program (see Exhibit A to Second Amended Complaint). The complaint further asserts that Argo and RPI entered into a separate "Agent Agreement" pursuant to which RPI agreed to pay commissions to Argo for each GAP contract sold to an automobile customer and forwarded to RPI by Antwerpen. (¶ 13 of Second Amended Complaint). However, no copy of such a written agent agreement is attached to complaint.

As to the Service Contract Program, Antwerpen alleges that it and RPI entered into a "Dealer Contingent Commission Agreement" and "Dealer Agreement" (see Exhibits B and C to the Second Amended Complaint which are unexecuted).

The Court understands that RPI contests that there were agreements between itself and Antwerpen and Argo (written or otherwise) containing the terms set forth in the agreements attached to the Second Amended Complaint or the terms asserted in the complaint. Nonetheless, plaintiffs are entitled to discovery based on their stated claims and theory of the case, and defendant may not reject discovery simply because it does not square with its view of the law or facts.

### Antwerpen's Motion to Compel Proper Responses to Requests for Production from Resolution Provides, Inc.

The discovery dispute centers on plaintiffs' request for information and for documents one would reasonably expect to exist in the operation or implementation of such agreements. While RPI's response is consistently that all responsive documents in its possession have been produced, that response is inadequate. First, the obligation to produce documents goes not just to documents within a party's immediate physical possession, but to those documents within a party's "possession, custody or control." Fed. R. Civ. P. 34(a). As such, a party is obligated to produce documents that it has the authority to obtain, not just those documents within its present possession.

Second, the Court agrees with Antwerpen on most occasions that defendant's stated lack of documents is inconsistent with ordinary and expected business records practice. For this reason, the Court will require an affidavit of efforts expended to locate the documents of the search on the part of RPI's

president, and if responsive documents are not located, an affirmative statement that, after a reasonable search as detailed in the affidavit, no such documents exist.

### Request for Production No. 2

As set forth above, RPI should submit an affidavit specifically addressing responsive corporate notes, internal memos, correspondence and e-mail.

### Request for Production Nos. 6 and 13

As set forth above, RPI should submit an affidavit specifically addressing all documentation of the terms of the business relationship between it and Antwerpen, in the form of "notes, e-mails, memos, computer forms or printouts."

### Request for Production Nos. 8 and 9

As set forth above, RPI should submit an affidavit specifically addressing insurance policies and correspondence between Lee and Mason and Guaranty National Insurance Companies and RPI, accountings and reports regarding claims and correspondence and notes relating to the insurance policies. In answer to interrogatory No. 3, RPI stated that it "has obtained insurance from . . . Guaranty National Insurance Company . . . and Lee and Mason Financial Services," but if that is the case, the paucity of documents must be explained.

### Request for Production Nos. 12 and 17

As set forth above, RPI should submit an affidavit on bank accounts utilized for deposit of funds received from Antwerpen and/or Argo. The issuance of subpoenas to certain financial institutions does not relieve RPI of its obligation to fully respond to these requests.

### Request for Production No. 14

As set forth above, RPI should submit an affidavit regarding any "policy, procedure or practice regarding the payment of commissions to Argo pursuant to the terms of the Agent Agreement" and the backs of the cancelled checks made payable to Argo, already produced. While RPI protests that "plaintiff has neither identified what such terms [of the Agent Agreement] consist of, nor produced a copy of any such alleged agreement" (Paper No. 22, 14), RPI obviously had an arrangement with Argo, as evidenced by the cancelled checks to Argo and commission calculations and had

3

some "policy, procedure or practice regarding payment of commissions."

### Antwerpen's Motion to Compel Proper Responses to Interrogatories from Resolution Providers, Inc.

#### Interrogatory No. 2

Defendant should identify all persons (not just employees) who were involved in any way in the administration and operation of the GAP and Service Contract programs, both within and outside RPI. A response made on "information and belief" is grossly insufficient where the interrogatory deals with the core business of the defendant.

#### Interrogatory No. 3

As set forth above, RPI should submit an affidavit concerning communications between RPI and Argo and/or Antwerpen.

#### Interrogatory No. 4

As set forth above, RPI should submit an affidavit concerning any documents of communication between RPI and a third party referred to or related to the GAP Agreement and the Agent Agreement.

#### Interrogatory No. 5

RPI should produce all requested information on the two identified insurance companies.

#### Interrogatory No. 6

As set forth above, RPI should submit an affidavit concerning documents relating to the cancellation of the policies of the individuals identified in "Antwerpen's Response to Opposition to Interrogatory No. 6." (Paper No. 26, 6).

#### Interrogatory No. 7

RPI should provide the account number and title and a contact person for the account at Fleet Bank, identified in answer to interrogatory 7.

#### Interrogatory No. 11

Motion to compel denied at this time, as to this interrogatory. Antwerpen can renew the motion if after review of the produced claim files it determines that the requested information is missing.

### Interrogatory No. 12

As set forth above, RPI should submit an affidavit as to documents (in addition to the produced claim files) showing "payments of claims and claim adjustments, pursuant to terms of the GAP Agreement, or otherwise relating to the GAP Contracts."

### Interrogatory No. 13

RPI should answer this interrogatory, particularly in light of the filing of the Second Amended Complaint, ¶ 25.

### Interrogatory Nos. 14 and 15

See ruling on Request for Production Nos. 14 and 15.

### Interrogatory No. 16

RPI's answer was grossly deficient and RPI should supplement its answer.

Where the Court has ordered RPI to take certain action in supplementing interrogatory answers or providing responsive documents or submitting an affidavit, the deadline for that action is March 5, 2003.

### Antwerpen's Request for Sanctions

In its motions to compel, Antwerpen sought sanctions, and more specifically an award of $1,500 in expenses. Fed. R. Civ. P. 37(a)(4)(A) provides for the award of reasonable expenses incurred in making discovery motions. The Court awards Antwerpen $1,500, in obviously partial reimbursement of the attorneys' fees it incurred in filing the motions to compel. RPI and counsel J. Brian Cashmere, Kathleen Alden Barner and Justin S. Hawkins and Watt, Tieder, Hoffar & Fitzgerald, LLP[1] are jointly and severally

---

[1] Fed. R. Civ. P. 37(a)(4)(A) provides counsel with an opportunity to be heard on this award. If counsel should choose to exercise that right, any submission should be filed by February 21, 2003. Unless otherwise ordered, the award must be paid to Antwerpen by March 5, 2003.

liable for the expense award. In doing so, the Court finds that RPI's non-disclosure, response and objection were not substantially justified. RPI's dribbling out of information (and then often incomplete) unnecessarily complicated and more critically delayed plaintiff's receipt. Moreover, counsel's refusal to straightforwardly answer interrogatories and the misguided refusal of information based on its view of the merits of plaintiffs' claims bought time for their client. Antwerpen's counsel set forth a detailed critique (to which this Court largely agreed) on July 15 (interrogatories) and August 14 (requests for production). The defendant appears to have given little, if any, serious consideration to the critiques and only minimally changed its position based on those critiques.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely yours,

Susan K. Gauvey
United States Magistrate Judge

cc:   Honorable Catherine C. Blake
      Court File