IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| ANTWERPEN CHEVROLET, LTD., et al. | : |
| **Plaintiffs** | : |
| v. | : Civil Action No. CCB02CV1271 |
| RESOLUTION PROVIDERS, INC., et al., | : |
| **Defendants** | : |

### AFFIDAVIT OF JUSTIN S. HAWKINS

Justin S. Hawkins, being first duly sworn under oath, deposes and states as follows:

1. I am one of the attorneys of record in the above-captioned case for Defendant, Resolution Providers, Inc. ("RPI"), and I make this affidavit in connection with the Objections to Order of Discovery and Award of Expenses submitted by RPI, Watt, Tieder, Hoffar & Fitzgerald, L.L.P. ("WTHF"), and the individual attorneys of record. I am over the age of eighteen (18) years and am competent to testify. I make this affidavit based upon my personal knowledge of the facts set forth herein.

2. At all times relevant to this proceeding, the individual Defendant, Mr. Mark McDonald ("Mr. McDonald") served as Vice President for RPI. Mr. McDonald was involved personally and substantially in the preparation of RPI's responses to the discovery requests ("Requests") that are the subject of the February 11, 2003 Order ("Order").

3. On May 22, 2002, Counsel for plaintiffs mailed Interrogatories and Requests for Production of Documents to the offices of WTHF. Upon receipt, WTHF sent the Requests to Mr. McDonald via facsimile on May 28, 2002. RPI's Response to the Request for Interrogatories was served on June 25, 2002. WTHF spoke with Mr. McDonald on June 14, 20,

2

and 21, 2002 specifically in connection with the preparation of RPI's response to the Interrogatories. Mr. McDonald executed the verification of the Interrogatory Responses.

4. On July 15, 2002, I received a letter from counsel for Plaintiff, Price Geilen, Esquire, outlining his objections to RPI's response to the Interrogatories.

5. On July 17, 2002, I faxed a copy of RPI's responses to Mr. McDonald and discussed in detail with him each and every objection contained in Mr. Gielen's letter. Mr. McDonald assured me that all responsive information and document were being produced.

6. Concurrent with our discussions regarding the interrogatories, I also was coordinating the details for RPI's document production with Diane Bristow, Esquire, an associate of Mr. Gielen.

7. On July 8, 2002, Mr. Gielen inquired about RPI's response to the Request for Documents. On July 9, 2002, I contacted Mr. McDonald to inquire as to the status of the document production. On July 12, 2002, I served RPI's written response to the document requests.

8. On July 15, 2002, I informed Ms. Bristow that WTHF had received the documents from RPI, and would produce the documents following a review for privilege. On July 16, 2002, I further discussed production of RPI's documents with Ms. Bristow. Specifically, I informed Ms. Bristow that the volume of the documents to be produced was approximately one banker's box. We agreed that in light of the volume and nature of the documents, it would not be economical for Ms. Bristow to travel to WTHF's offices to conduct a review. Therefore, by letter dated July 17, 2002, WTHF agreed to produce all relevant, non-privileged documents on Friday August 2, 2002, and acknowledged that Ms. Bristow would

arrange for a copy service to pick up the documents on that day (Correspondence dated July 17, 2002 is attached hereto as Exhibit A).

9. Following the review of documents for privilege, I concluded that none of the documents were privileged. Every single document received from RPI was produced.

10. Concurrent with my investigation of the responses to Interrogatories and the coordination of the production of documents, I also was preparing a response to Plaintiffs' first Motion for Leave to Amend the Complaint. Plaintiffs' Motion for Leave to Amend was filed on July 15, 2002. The Motion was granted on September 9, 2002, permitting the filing of plaintiffs' First Amended Complaint. The First Amended Complaint added a cause of action for anticipatory breach and attached additional unexecuted copies of the alleged contract. On behalf of RPI and the individual defendants, WTHF filed Answers to the First Amended Complaint on September 23, 2002.

11. On August 14, 2002, Mr. Gielen sent a letter to me via facsimile expressing concerns that RPI did not produce all documents responsive to the request. He also attached an unexecuted copy of the Motion to Compel Proper Responses to Interrogatories.

12. On August 15, 2002, I faxed the August 14 letter and Motion to Compel to Mr. McDonald. On August 16, 2002, I spoke with Mr. Gielen. I informed counsel for Plaintiff that RPI's position had been that every single document previously had been produced, but that I would follow up with my client to assure that there was a full production.

13. On August 21, 2002, Mr. Gielen served Antwerpen's Motion to Compel Production of Documents. On August 23, 2002, I forwarded a copy of the Motion to Compel Production of Documents to Mr. McDonald. I also made numerous attempts to contact Mr. McDonald in order to resolve the issues raised by Mr. Gielen.

14.  During this period, on August 22 and 23, I also made numerous attempts to contact Mr. Gielen regarding the timing of our responses to the Motions to Compel. On Friday, August 23, 2002 I faxed a letter to Mr. Gielen informing him that I fully intended to address his specific concerns with our clients, but that we would not be able to discuss the issues until the following week, September 2, 2002 (Correspondence dated August 23, 2002 is attached hereto as Exhibit B).

15.  On September 4, 2002 I discussed specifically each and every concern contained in both motions with Mr. McDonald. I advised him that if there were any documents, even remotely relevant, RPI needed to produce such documents immediately. I warned Mr. McDonald that if documents were subsequently discovered, that RPI may be prevented from using such documents at the trial of this matter. Mr. McDonald advised me that he would, again, check RPI's files to ensure that RPI had produced all documents requested.

16.  Subsequently, Mr. McDonald contacted me and informed me that RPI's files contained documents entitled, "ARGO commission reports." Mr. McDonald was not sure whether the documents had been produced. I instructed Mr. McDonald to send the reports to WTHF's offices, in order that I might determine whether the documents had been produced. I reviewed the documents and, after determining that they had not been produced, forwarded such documents to Mr. Gielen on September 11, 2002 as an attachment to RPI's Opposition to the Motion to Compel.

17.  On September 9, 2002, all discovery issues were referred to U.S. Magistrate Justice Guavey.

18.  On September 11, 2002, RPI filed its Opposition to the Motion to Compel Production of Documents and Proper Responses to Interrogatories.

4

19. On September 19, 2002, the Motions to Compel were set for a telephone hearing dated October 16, 2002.

20. Prior to the telephone hearing, Ms. Bristow contacted me and to inquire whether we would agree to a hearing in person in Baltimore, Maryland. I agreed to the hearing and stated that we could be available for the entire week of October 21-25. Ms. Bristow then contacted me and stated that, due to schedule conflicts, an in person hearing could not be arranged. WTHF then prepared for the scheduled telephone hearing. On October 16, the day of the hearing, I received a message, notifying me that the hearing was cancelled.

21. On October 2, 2002, the Defendants moved for a Protective Order to prevent the discovery of bank account records sought by Antwerpen on the grounds that such financial discovery was irrelevant as plaintiffs had failed to allege any damages. RPI also moved to quash plaintiffs' subpoena of the bank records as irrelevant and on various procedural grounds. On November 15, 2002, Defendants' Motion to Quash was granted on procedural grounds. The Motion for Protective Order was denied. On January 16, 2003, Magistrate Guavey set forth the reasoning for the Order.

22. On October 7, 2002, the Defendants also filed its Motion to Dismiss Plaintiffs' First Amended Complaint on the grounds that plaintiffs had failed to state a claim upon which relief could be granted and failed to allege facts supported the exercise of the jurisdiction of the court over the individual defendants. Based upon plaintiff's request for leave to amend to allege a valid claim for damages, the Motion to Dismiss was denied without prejudice on December 12, 2002.

23. In addition to the specific occurrences outlined above, I have made every attempt to respond to all discovery requests, and I have made every reasonable effort and inquiry in order

5

ensure that RPI's representative understood the Requests and the obligation to comply, and responded with the production of all relevant documents.

24.     Mr. McDonald never gave me any reason to question the thoroughness of his investigation or the honesty of his claim that all responsive documents had been produced.

25.     Neither I, nor anyone at WTHF, had any knowledge whatsoever of any plans or intentions of RPI to file for the Chapter 7, no asset bankruptcy on January 23, 2003. WTHF received notice of the bankruptcy via e-mail from RPI's bankruptcy counsel on the date of filing. I informed Ms. Bristow of the bankruptcy on the following day.

Dated the 3rd day of March 2003.

*Justin S. Hawkins*

On the 3rd day of March 2003, before me personally appeared, personally known to me to be the person whose name is subscribed herein.

In witness whereof I hereunto set my hand and official seal.

*Michellen LaPlante*
Notary Public

MY COMMISSION EXPIRES
FEBRUARY 29, 2004

**WATT, TIEDER, HOFFAR**
**& FITZGERALD, L.L.P.**
ATTORNEYS AT LAW

7929 Westpark Drive
Suite 400
McLean, Virginia 22102-4224

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

Justin S. Hawkins
(703) 749-1043
jhawkins@wthf.com

July 17, 2002

**Via Facsimile (410) 332-8594**

Diane Bristow, Esq.
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
27th Floor
One South Street
Baltimore, MD 21202

    Re:    <u>Antwerpen Chevrolet, LTD v. Resolution Providers, Inc.</u>;
            CCB 0 2 CV 1271

Dear Diane:

    This is to confirm our discussion yesterday regarding RPI's production of documents in the above referenced matter. RPI will make all non-privileged documents responsive to your requests available on Friday, August 2nd, 2002. It is our understanding that a copy service of your choice will pick up the documents at our offices on that day. If you have any questions or comments, please do not hesitate to contact me.

                             Very truly yours,

                             WATT, TIEDER, HOFFAR &
                             FITZGERALD, L.L.P.

                             Justin S. Hawkins

JSH/sp

cc:    Kathleen Olden Barnes, Esq.
        Mark McDonald

**EXHIBIT A**

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
ATTORNEYS AT LAW

7929 Westpark Drive
Suite 400
McLean, Virginia 22102-4224

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

Justin S. Hawkins
(703) 749-1043
jhawkins@wthf.com

August 23, 2002

<u>*VIA FACSIMILE (410) 332-8594*</u>
<u>*AND FIRST-CLASS MAIL*</u>

Price O. Gielen, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
27th Floor
One South Street
Baltimore, MD 21202

  Re: <u>Antwerpen Chevrolet, LTD v. Resolution Providers, Inc.;</u>
    <u>CCB 0 2 CV 1271</u>

Dear Price:

  This is in reference to Antwerpen Chevrolet Ltd.'s ("Antwerpen") Motion to Compel Proper Responses to Interrogatories and its Motion to Compel Production of Documents ("Motions"). As we discussed during our telephone conference last Friday, we believe that RPI has complied fully with its discovery obligations. I have agreed, however, in an effort to resolve the specific concerns you raised during our telephone conference, to contact my client again to ensure that all responsive and relevant documents have been produced. We will specifically address your concerns with our client in order to ensure that there has been no oversight or mistake.

  I attempted to contact you by telephone earlier this week. I understand from your assistant that you are out of the office today and will be at trial next week. We are also scheduled for trial, and will be out of the office all of next week. Accordingly, we will be unable to address your concerns with our clients until the week of September 2nd, 2002 and we expect to be prepared to serve a formal response to your Motions or, if warranted, to discuss a supplemental production of documents on Tuesday, September 10, 2002. Thank you for your cooperation in this matter.


EXHIBIT B

Irvine, California    Washington, D.C.    Florence, Italy

Price O. Gielen, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
August 23, 2002
Page 2

If you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

Justin S. Hawkins

JSH/sp