IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ANTWERPEN CHEVROLET, LTD., et al., | * | |
| Plaintiffs | * | Civil Action No.  CCB02CV1271 |
| vs. | * | |
| RESOLUTION PROVIDERS, INC., et al., | * | |
| Defendants | * | |

\*          \*          \*          \*          \*

**<u>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANTS CAROL SCOTT STEVENS AND MARK L. MCDONALD
TO APPEAR AT DEPOSITION AND MOTION FOR DEFAULT JUDGMENT
AS A SANCTION IF DEFENDANTS FAIL TO COMPLY</u>**

Plaintiffs, Antwerpen Chevrolet, Ltd., Antwerpen Dodge, Ltd., Antwerpen Motorcars, Ltd., and J.A. Motorcars, Inc., all d/b/a Antwerpen Automotive Group ("Antwerpen"), and Argo Insurance Company ("Argo"), by their undersigned counsel, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, file these motions to compel Defendants Carol Scott Stevens ("Stevens") and Mark L. McDonald ("McDonald"), to appear at a deposition, and for default judgment as a sanction if defendants fail to comply, and as reasons therefore, state:

1.       Since October 30, 2002, Plaintiffs have sought to take the depositions of the Defendants in this case. Plaintiffs first noticed the deposition of Resolution Providers, Inc., pursuant to Federal Rule of Civil Procedure Rule 30(b)(6). *See* Deposition Notice for October 30, 2002, attached hereto as Exhibit 1. Presumably either Stevens and/or McDonald, who reside together, are RPI's only officers and own 100% of the company, would have been designated by RPI to appear at the

deposition, and counsel for Defendants so indicated. In response to the Deposition Notice, counsel for Defendants requested that the deposition be changed to November 20, 2002. *See* letter to Justin Hawkins, dated November 1, 2002, attached hereto as Exhibit 2.

2. The Deposition was then noticed for November 20, 2002. See Amended Notice of Deposition, for November 20, 2002, attached hereto as Exhibit 3.

3. Prior to the deposition, counsel for Defendants, Justin Hawkins, again notified the undersigned attorney that no one would appear for the deposition. Plaintiffs attempted to secure a December date for the depositions of RPI, Stevens and McDonald, but counsel eventually agreed to postpone Defendants' depositions because major document production from RPI had not occurred due to unresolved motions to compel production of documents and answers to interrogatories. *See* Affidavit of Price O. Gielen at 1 and 2.

4. Plaintiffs again noticed the deposition of Resolution Providers, Inc. for January 21, 2002 and noticed the depositions of Stevens and McDonald for January 22, 2003. *See* Deposition Notice for RPI, dated January 21 and Deposition Notices for Stevens and McDonald, dated January 22, 2003, attached hereto as Exhibit 4.

5. On January 17, 2003, counsel for Defendants informed Plaintiffs that Stevens and McDonald "remain unavailable" for the depositions. *See* letter from Justin Hawkins, dated January 17, 2003, attached hereto as Exhibit 5. In fact, counsel for Defendants subsequently admitted that he could not communicate with his clients.

6. On January 20, 2003, the undersigned attorney spoke with Justin Hawkins who represented that he had been unable to reach the Defendants since December and that he had no alternative dates to offer. See Affidavit of Price O. Gielen at 4.

2

7. Plaintiffs again noticed the depositions of Stevens and McDonald for February 13 and 14, 2003, respectively. See Deposition Notices for Stevens and McDonald, dated February 13 and 14, 2003, respectively, attached hereto as Exhibit 6.

8. On February 10, 2003, Counsel for Defendants Stevens and McDonald informed Plaintiffs that neither party was available for a deposition, but that they would provide suitable dates when that information became available. *See* letter from Justin Hawkins, dated February 10, 2003, attached hereto as Exhibit 7. To date, counsel for Defendants has not provided any deposition dates.

9. In Justin Hawkins' recent affidavit to this Court which was attached to his opposition to the Order of this Court dated February 11, 2003, Mr. Hawkins stated that his firm "has been unable to communicate with Mr. McDonald or any person employed by RPI since December 10, 2002." *See* Affidavit of Justin S. Hawkins, attached hereto as Exhibit 8. Therefore, it is apparent that it will not be possible to get Stevens and McDonald to appear for a deposition without a court order.

10. Defendants Stevens' and McDonald's repeated refusal to appear for any of the scheduled deposition dates or to provide any alternative date is not justified. Plaintiffs are entitled to take the depositions of parties under Federal Rule of Civil Procedure Rule 30(a)(1). As a result of the Defendants' refusal to attend any deposition, Defendants have thwarted Plaintiffs from obtaining necessary discovery in this case.

11. Defendants refusal to be deposed is just one more improper obstacle that Defendants in this case have presented since the complaint was filed. In response to discovery served upon RPI, it refused to produce documents and fully respond to interrogatories, necessitating Plaintiffs to file a Motion to Compel Production of Documents and a Motion to Compel Proper Responses to Interrogatories. Although this Court ordered the Defendants and their attorneys to produce the

3

documents and supplement the answers to interrogatories, pursuant to 11 U.S.C.§ 362(a), RPI's Chapter 7 bankruptcy proceeding, which was filed on January 23, 2003, in the U.S. District Court in the District of New Jersey, prevents Plaintiffs from obtaining any further discovery from RPI.

12. Defendants have effectively tied Plaintiffs' hands from obtaining pertinent discovery in this case. Defendants' refusal to appear for a deposition is clearly unjustified and Defendants Stevens and McDonald appearance should be compelled.

13. Rule 37(d) further provides that "[i]n lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . ."

14. Because Defendants have offered no justifiable reason for failing to appear at their depositions, Defendants Stevens and McDonald should be required to pay Plaintiffs' expenses, including reasonable attorneys' fees, in obtaining an order to compel attendance.

15. Pursuant to Federal Rules of Civil Procedure 37(d) and 37(b)(2), the court may make such orders in regard to the failure of the party to attend a deposition as are just, including:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or **rendering a judgment by default against the disobedient party**;

Emphasis added.

16. Here, the refusal to appear for a deposition is clearly unjustified. In fact, Defendants have never offered any reason why they have repeatedly cancelled their appearance and have not

4

provided any alternative dates for a deposition. Further, Defendants have attempted to block all of Plaintiffs' efforts in seeking discovery.

17. Maryland's District Courts have the discretion to impose sanctions, including default, when a party fails to appear for a deposition. *Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 58 (1998). In *Mutual Federal Savings and Loan Association v. Richards & Associates, Inc.*, 872 F.2d 88 (1989), the fourth circuit held:

> When the sanction involved is judgment by default, the district court's "range of discretion is narrow" because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court. (Citations omitted) . . . those competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92.

18. Here, the results of the four-part test weighs in favor of awarding the Plaintiffs a default judgment. First, it is clear that the defendants have acted in bad faith by their noncompliance with the deposition notices. Second, Defendants repeated failure to comply with Plaintiffs' deposition notices has severely prejudiced Plaintiffs because without the discovery, Plaintiffs are unable to effectively prosecute their claims and prove all of their damages. As U.S. Magistrate Judge Susan K. Gauvey stated in her order to compel discovery responses, "plaintiffs are entitled to discovery based on their stated claims and theory of the case, and defendant may not reject discovery simply because it does not square with its view of the law or facts." *See* Order, dated February 11, 2003, at 2. Third, Defendants' stall techniques must obviously be deterred. *See Mutual Federal Savings,* 872 F.2d at 92. Fourth, less drastic sanctions will not be effective. In *Mutual Federal Savings*, the fourth circuit

held that the District Court properly awarded default judgment where the "court had rejected other sanctions such as partial summary judgment or preclusion of certain defenses because without the essential discovery materials, the case could be more difficult to try." Id. at 92. Likewise, in this case, Defendants continual refusal to participate in discovery makes it impossible for Plaintiffs to effectively present their case.

19. "[T]he Fourth Circuit has added another factor to the mix, i.e., that district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice. (Citations omitted.)" *Sadler*, 178 F.R.D. at 59. Consequently, this Court must first order Defendants to attend the depositions, but it can simultaneously warn the Defendants that if they fail to attend, the result will be a default judgment. With this fair warning, and based on Defendants Stevens and McDonald's bad faith failures to appear at the depositions, a default judgment should be entered against Defendants Stevens and McDonald.

20. I hereby certify, pursuant to Federal Rule of Civil Procedure 37(d), that I made a good faith effort to resolve the dispute presented in this Motion to Compel. In particular, counsel have exchanged numerous phone calls and letters regarding Defendants failure to appear for a deposition. A copy of all letters exchanged between counsel are attached hereto.

Wherefore, Plaintiffs, through the undersigned counsel, respectfully requests that this Court grant its Motion to Compel and Motion for Default Judgment.

April 8, 2003                                    Respectfully submitted,

_____/s/_____
PRICE O. GIELEN
Trial Bar No. 00577
Neuberger, Quinn, Gielen,
  Rubin & Gibber, P.A.
27th Floor, Commerce Place
One South Street
Baltimore, Maryland 21202
(410) 332-8523
      Attorneys for Plaintiffs