# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953

June 17, 2003

Price O. Gielen, Esq.
Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A.
27th Floor
One South Street
Baltimore, MD 21202

J. Brian Cashmere, Esq.
Justin Scott Hawkins, Esq.
Kathleen Olden Barnes, Esq.
Watt, Tieder, Hoffar, & Fitzgerald, L.L.P.
7929 Westpark Drive, Suite 400
McLean, VA 22102

Mr. Mark L. McDonald
Ms. Carol Scott Stevens
111 Park Avenue
Elberon, NJ 07740

> Re: Antwerpen Chevrolet, LTD., et. al., v. Resolution
> Providers, Inc., et. al., Civil No. CCB-02-1271.

Dear Counsel, Ms. Stevens, and Mr. McDonald:

There are several matters pending before the undersigned[1]:

_____

[1] This matter has been referred to the undersigned for
resolution of discovery disputes and for mediation.  (Papers Nos. 19
and 40).    Thus, the pending motions to withdraw (Papers Nos. 42
and 47), the objections to Order of Discovery and Award of Expenses
filed by defendant Resolution Providers, Inc., WTHF and individual
counsel of record (Paper No. 48), as well as any other matters raised
in the parties' pleadings, such as the individual defendants'
challenge to the Court's jurisdiction (Opposition dated April 19,
2003, undocketed) are not before the undersigned.

(1) Rule 37(a)(4)(A) Response to Award of Expenses
of Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
("WTHF") and the individual counsel of record
for defendant, Resolution Providers, Inc.
("RPI") (Paper No. 46)[2],

(2) Objections to Order of Discovery and Award of
Expenses filed by defendant Resolution
Providers, Inc. ("RPI"), WTHF and individual
counsel of record (Paper No. 48).

These filings raise certain objections to this Court's
letter order dated February 11, 2003 ("the order") (Paper No.
45), in which the undersigned granted in part and denied in
part two Motions to Compel filed by plaintiffs (Papers Nos.
14, 17) and also awarded Antwerpen $1,500 in expenses under
Fed. R. Civ. P.  37(a)(4)(A).

(3) RPI's Motion for Extension of the Date of
Enforcement of Order, filed on behalf of RPI,
WTHF and the individual counsel of record.
(Paper No. 49).

(4) Motion to Compel Defendants Carol Scott Stevens
and Mark L. McDonald's Depositions and Motion
for Default Judgment as a Sanction if Defendants
Fail to Comply. (Paper No. 52).

The Court held a telephone hearing on May 29, 2003.  This
letter order memorializes the Court's rulings in that
telephone hearing and sets out further deadlines in the case.

The undersigned construes Papers Nos. 46 and 48
collectively as a motion to reconsider the February 11 order.
For the reasons set forth below, the undersigned hereby
**VACATES** the February 11 order.  Accordingly, RPI's motion for
extension of the date of the enforcement of that order is
**MOOT**, as are the objections to Order of Discovery.

The Court declines to rule at the present time on
plaintiffs' latest motion to compel and motion for default

---

[2] While the defendants' objections (Paper No. 48) are pending
before Judge Blake, the undersigned has reviewed to fully understand
the defense position.  The ruling herein makes those objections moot.

judgment (Paper No. 52), but rather **ORDERS** defendants Stevens
and McDonald to submit additional information as explained in
Section II below.  Following the receipt of that information
by the deadline specified, the Court will rule on plaintiffs'
motion pertaining to the individual defendants.

## I.  <u>Plaintiffs' Motion to Reconsider</u>

     The plaintiffs had filed the motion to compel on
September 6, 2002.  The briefing was completed and the
undersigned had drafted, but not yet issued, its opinion when
RPI filed for bankruptcy on January 23, 2003.  Thereafter, the
Court issued its opinion granting in part and denying  in part
Antwerpen's Motion to Compel Proper Responses to
Interrogatories (Paper No. 14) and its Motion to Compel
Production of Documents (Paper No. 17).  In the opinion as
revised after suggestion of bankruptcy, the undersigned issued
the letter order, but noted that "the mere filing of the
bankruptcy action [did] not, of course, discharge any
obligations of RPI, recognizing, of course, the stay
provisions of the bankruptcy law"; that "[T]he undersigned
defendants will remain in the case in any event and may be
subject to the same or similar discovery;" and finally    that
"[c]ounsel, not just parties, have responsibilities under the
rules of discovery -- responsibilities which I find were not
met here in responding to discovery."  (Paper No. 11).

     In the order, the Court required the corporate defendant
to do additional investigation into the requested discovery,
file certain affidavits of efforts and produce certain
documents.  Also the Court awarded Antwerpen $1,500 in
expenses under Fed. R. Civ. P. 37(a)(4)(A).

     RPI, WTHF, and the individual counsel of record objected
to the Court's order on three bases: (1) that because RPI
petitioned for a Chapter 7 bankruptcy on January 23, 2003, the
Court's subsequent order for further discovery and monetary
sanctions violates the automatic stay provision set out in 11
U.S.C. § 362; (2) that the award of expenses against WTHF and
the individual attorneys is contrary to Fed. R. Civ. P.
37(a)(4)(A) and Fourth Circuit precedent and due process
principles; and (3) that RPI's objections to plaintiffs'

3

discovery requests were substantially justified.[3] (Paper No. 48). Plaintiffs have not responded to these arguments, nor have plaintiffs moved to lift the stay in bankruptcy court. See 11 U.S.C. § 362(d).

The Court agrees that its order, issued post-petition instructing the corporation to take certain remedial action, is in all likelihood void or voidable under bankruptcy law, and thus, the Court vacates the order. Although the expense award is thus necessarily rescinded as well, the expense award was not, as WTHF asserts, in derogation of Fed. R. Civ. P. 37(a)(4)(A) and Fourth Circuit precedent or due process principles, as discussed below.

## A.  The Automatic Stay Provision

An automatic stay is triggered by the filing of a petition in bankruptcy, and it stays the continuation of pre-petition litigation against the debtor. 11 U.S.C. § 362(a). That section provides, in pertinent part, that:

> [A] petition under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth in Section 362(b). 3 LAWRENCE P. KING, ET. AL., COLLIER ON BANKRUPTCY ¶ 362.03, at 362–32 (15th ed. rev. 2001). The Fourth Circuit has stated:  "Congress intended that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in bankruptcy." Grady v. A.H. Robins Co.,

---

[3] The Court does not reach the third argument, as the matter is decided on other grounds.

Inc., 839 F.2d 198, 202 (4th Cir. 1988).

However, not all post-petition actions or orders violate the automatic stay provision. There is some authority for post-petition orders where those orders are aimed at upholding the court's own authority, not vindicating the discovery rights of a party or otherwise affecting a debtor. Two district courts in this circuit have held that court orders issued post-petition relating to contempt proceedings did not violate 11 U.S.C. § 362, on the basis that such orders related to upholding the authority of the court, rather than to pursuing prohibited actions against protected petitioner-debtors. America Online, Inc. v. CN Productions, Inc., 272 B.R. 879 (E.D.Va. 2002) (holding that automatic stay issued in attorney's bankruptcy did not relieve him of duty to respond to discovery requests pertaining to civil contempt proceedings). See also In re Dunham, Debtor, 175 B.R. 615 (E.D.Va. 1994) (holding that contempt order for perjury entered post-stay was intended to uphold the dignity of the state court and thus did not violate the stay).

These cases, the Court has concluded, are inapposite, as the Court's discovery order was not directed at upholding its own authority, but rather pertained to discovery related to plaintiffs' claims against the debtor-defendant RPI. As discussed below, the order was issued under Fed. R. Civ. P. 37(a), not 37(b), which orders are akin to contempt findings. In short, while the Fourth Circuit does not appear to have addressed a post-petition order compelling discovery regarding claims against a defendant-debtor, the weight of authority in other circuits addressing post-petition orders regarding continuation of a suit against a petitioner-debtor, aside from those dealing with contempt, provides that such orders are violative of the automatic stay provision. Soares v. Borkton Credit Union, 107 F.3d 969, 974 (1st Cir. 1997). "[A]bsent the bankruptcy court's lift of the stay . . . a case . . . must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding." Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371 (10th Cir. 1990). If the stay applies, "the [federal] district court's power to adjudicate the case is suspended pending the outcome of the bankruptcy proceedings)." Kommanditselskab Supertrans v. O.C.C. Shipping, Inc., 79 B.R. 534, 540 (S.D.N.Y. 1987). But see Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) ("The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every

claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to other orders not inconsistent with the terms of the stay."); <u>Miller v. Miller</u>, 262 B.R. 499 (9th Cir. 2001) (holding that automatic stay did not protect Chapter 13 debtor from having to comply with discovery requests in multi-defendant case in which she was one of the defendants, as long as discovery requests were framed as discovery pertaining only to creditors' claims against other, non-debtor defendant).

Based on the weight of authority in other circuits discussed above, it thus seems clear that the Court's order, as it was intended merely to vindicate Antwerpen's discovery rights, runs afoul of  the automatic stay provision.  The majority view is that such actions are void <u>ab initio</u> and without effect.  <u>See</u> 3 LAWRENCE P. KING, ET. AL., COLLIER ON BANKRUPTCY ¶ 362.11, at 362-119 (15th ed. rev. 2001) and cases cited therein.  <u>See</u> <u>also</u> <u>Soares v. Brockton Credit Union</u>, 107 F.3d 969, 976 (1st Cir. 1997) and cases cited therein.

Thus, for the foregoing reasons, the undersigned VACATES the February 11 order.  It is, however, clear that if RPI is not discharged in bankruptcy, the Court may and in this case shall reinstate its February 11, 2003 order.

## B.   The Expense Award

The protection of the automatic stay provision does not necessarily extend to the petitioner-debtor's <u>attorneys</u> here. <u>See</u> <u>e.g.</u>, <u>Credit Alliance Corp. v. Williams</u>, 851 F.2d 119, 121 (4th Cir. 1988) (stating that "the plain language of § 362 . . . provides <u>only</u> for the automatic stay of judicial proceedings and enforcement of judgments against <u>the debtor</u> or the property of the estate.") (emphasis added).  However, Rule 37(a)(4)(A) allows an expense award only if "the motion is <u>granted</u> or if the [information] is provided after the motion was filed . . . ." Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).  Therefore, as the Court has vacated its order that formerly granted, at least in part, plaintiffs' motions to compel as to RPI, no basis remains under Rule 37(a)(4)(A) on which to award expenses to plaintiffs against RPI or its attorneys.  However, the Court nonetheless addresses the argument that its award of expenses violated due process and was contrary to the federal rules and Fourth Circuit case law

as the undersigned believes that the analysis underlying that assertion is incorrect.

Fed. R. Civ. P. 37(a)(4)(A), under which the Court awarded expenses, in its entirety, states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, <u>the court shall</u>, <u>after affording an opportunity to be heard</u>, <u>require</u> the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them <u>to pay</u> to the <u>moving party</u> the <u>reasonable expenses</u> incurred in making the motion, including attorney's fees, <u>unless</u> the court <u>finds</u> that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

<u>Id.</u> (emphasis added).

The Court's order, issued February 11, 2003, awarded Antwerpen $1,500 in partial reimbursement for reasonable expenses incurred in making discovery motions. (Order, at 5). The Court further stated in its order that Rule 37(a)(4)(A) "provides counsel with an opportunity to be heard on this award. If counsel should choose to exercise that right, any submission should be filed by February 21, 2003. Unless otherwise ordered, the award must be paid to Antwerpen by March 5, 2003." (<u>Id.</u>, n. 1).

The Court recognizes, as did its order, that the language of Rule 37(a)(4)(A) requires an opportunity to be heard prior to imposition of an expense award. The Court's order provided both notice and an opportunity to be heard prior to the date specified for imposition of its expense award.

The text of the rule provides that only after affording an opportunity for a hearing can the Court "require" the party or attorney to pay the reasonable expenses in making the motion. By its order requiring the party or attorney to pay the $1500 only <u>after</u> allowing an opportunity to be heard, the

undersigned believed it had complied with the rule, in an expeditious, but fair manner, particularly in light of the modest size of the award. The undersigned does not take lightly a party or lawyer's right to contest an award. However, the rule directs an award unless failure to provide discovery is "substantially justified," and frequently where, as here, the award is modest and a fraction of actual expenses incurred, no opposition is interposed.

Unlike the case relied on by defense counsel, Beatrice Foods Company v. New England Printing, 889 F.2d 1171 (Fed. Cir. 1990), the undersigned's award was not final, subject only to modification by virtue of motion to reconsider. The order itself provided for an opportunity to be heard prior to any requirement to pay.

Of greatest concern to the Court is defense counsel's assertion that its order violated due process. Counsel relies solely on Hathcock v. Navistar Int'l Transp. Corp. for this assertion. 53 F.3d 36 (4th Cir. 1995). In Hathcock, the district court imposed a fine on the attorney, which "is effectively a criminal contempt sanction, requiring notice and the opportunity to be heard." Id. at 42 (citing Buffington v. Baltimore County, 913 F.2d 113, 133-35 (4th Cir. 1990) in support of its ruling on a sanction imposed pursuant to Rule 37(b)). In Buffington, however, the Fourth Circuit made very clear that it draws a critical distinction between sanctions that are criminal and civil in nature, which bears directly on the type of notice required and the criticality of the rights protected. 913 F.2d at 133. The Buffington Court stated:

> When the nature of the relief and the purpose
> for which the contempt sanction is imposed is
> remedial and intended to . . . compensate the
> complainant for losses sustained, the contempt
> is civil; if, on the other hand, the relief seeks
> to vindicate the authority of the court by punish-
> ing the contemnor and deterring future litigants'
> misconduct, the contempt is criminal.

Id. (citations omitted). Based expressly on this distinction, the Court in Buffington held that the Rule 37(b) sanction before it was a criminal contempt sanction. Id. at 135.

Neither Hathcock nor Buffington establish a due process

violation here.  In the instant case, the Court awarded
expenses to the *other party* pursuant to Rule 37(*a*), and did
*not* impose sanctions payable to the *Court*.  Moreover, that
award was not final and defendant and defense counsel had no
obligation to pay until they had an opportunity to address the
Court.  Thus, the court's expense award to plaintiff in this
case is properly characterized as civil rather than criminal
in nature, and is thus properly distinguished from both the
facts and rationale of <u>Hathcock</u> and <u>Buffington</u>.

     Thus, for the reasons expressed above, the Court believes
that its expense award complied with both Rule 37(a)(4)(A) and
Fourth Circuit precedent and did not violate due process
principles.

     Finally, counsel asserts that there is no evidence that
its discovery conduct evinced any bad faith.  The Court did
not find in its order, nor did it intend to imply, that there
was any bad faith evinced by counsel's discovery conduct.
However, that is not the test for an award of expenses under
Rule 37(a)(4)(A), as its plain language makes clear.  The
Court believes that its initial expense award was justified
under the rule.  Nonetheless, as the Court has vacated its
order that initially granted in part plaintiffs' motions to
compel, it also must vacate the expense award.

## II.  <u>Plaintiffs' Motion to Compel</u> (Paper No. 52)

     Plaintiffs have filed a Motion to Compel Defendants Carol
Scott Stevens' and Mark L. McDonald's Depositions.  (Paper No.
52).

     Plaintiffs are clearly entitled to the depositions of the
individual defendants.  This Court has denied, although
without prejudice, defendants' previous motion to dismiss and
for judgment on the pleadings.  (Paper No. 38).  As Judge
Blake explained in her memorandum opinion, plaintiffs are
permitted to conduct discovery to determine the nature and
scope of the individual defendants' contacts with Maryland.
(<u>See</u> Paper No. 37 and cases cited therein).  In fact, it was
for precisely that reason that defendants' motion to dismiss
was denied, so that plaintiffs could obtain their needed
discovery.  (Paper No. 37, 6).

     Defendants Stevens and McDonald apparently believe that

because certain financial records have been subpoenaed and
discovered by plaintiffs that their discovery obligations are
fully discharged.  That, however, is not the case.
Additionally, the affidavits which Stevens and McDonald have
submitted in which they assert they have "no minimum contacts"
with the state of Maryland merely articulate a legal
conclusion and are not adequate substitutes for either their
depositions or relevant document production.

Alternatively, defendants claim that they cannot travel
to Maryland to be deposed due to defendant Stevens' health
problems and McDonald's role as her primary caregiver.
Furthermore, defendants claim that any deposition would be too
stressful for defendant Stevens and would adversely affect her
health.  As discussed in the telephone hearing of May 29,
2003, the Court will consider whether Ms. Stevens' medical
condition legitimately prevents her (and her husband's)
deposition, either in Maryland or Florida.

On June 12, 2003, the undersigned received a fax letter
providing the undersigned only with the name, address and
telephone number of Ms. Stevens' oncologist.  This is
insufficient.  As I stated in the telephone hearing, the Court
requires an affidavit addressing her medical condition which
she states prevents her and her husband from having their
depositions taken.  Unless the plaintiff agrees to withdraw
its motion to compel, based on the imminent dismissal of the
case or other reason, Ms. Stevens and Mr. McDonald must submit
affidavit(s) covering the points listed below by June 27,
2003, for the Court's consideration with a copy to plaintiffs'
counsel.  If Ms. Stevens and/or Mr. McDonald fail to file such
affidavits, I will grant the motion to compel.  Defendants
must submit an affidavit from defendant Stevens' treating
physician, by June 27, 2003, which addresses: (1) defendant
Stevens' physical ability to travel to Maryland, or lack
thereof, for deposition; (2) defendant Stevens' physical
ability to undergo an in-person deposition in her own
district; (3) defendant Stevens' physical ability to undergo a
telephonic deposition in her own district; (4) whether Ms.
Stevens' medical condition requires around the clock
attendance by Mr. McDonald; and (5) any other health
limitations relevant to this matter.

The Court will rule on the pending motion to compel
shortly after the above deadline.  The Court holds plaintiffs'
motion for default judgment as a sanction for failure to

10

appear <u>sub curia</u>.

## III.  <u>Settlement Efforts</u>

During the telephone hearing, settlement of the case was broached and the defendants agreed to submit to plaintiffs' counsel certain documents regarding their financial situation. Since the telephone hearing of May 29, 2003, the individual defendants have submitted the requested documentation.  By letter of June 10, 2003, plaintiffs' counsel have requested some additional information.  Since Judge Blake also referred this case to the undersigned for a settlement conference, I ask defendants to submit a response to Mr. Gielen's letter of June 10, 2003, by June 24, 2003.  I will hold a status conference on both settlement efforts and pending motion to compel on July 2, 2003, at 3:00 p.m., and ask Mr. Gielen to place the call.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate
Judge

cc: Honorable Catherine C. Blake
    Court File

11

12